IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED
DEC 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KERRY OLIVER
1422 KINGS MANOR DRIVE
MITCHELLEVILLE, MARYLAND 20721

Case No: _____

Plaintiff

Judge: _____

V.

WHITE & CASE, LLP
601 13TH STREET, NW
SUITE 600 SOUTH
WASHINGTON, DC 20005

Defendant.

CASE NUMBER 1:05CV02485
JUDGE: Paul L. Friedman
DECK TYPE: Employment Discrimination
DATE STAMP: 12/29/2005

JURY ACTION

## COMPLAINT BASED ON CIVIL RIGHTS VIOLATIONS BREACH OF CONTRACT, CONSPIRACY, AND EMOTIONAL DISTRESS

Comes now Plaintiff, Kerry Oliver, through counsel and files his complaint against the defendant through counsel, The Law Office of Andrellos Mitchell, PLLC, and *submits his complaint only after numerous efforts to settle his claims with the Defendant without litigation. However because the Defendant adamantly refused to make Mr. Oliver a reasonable settlement offer, he was forced to litigate this matter, and while he is still open to an amicable settlement, he seeks relief through this court and alleges the following in his complaint.*

### Jurisdiction

1)  This court has jurisdiction of this matter pursuant to Title 28 of U.S.C. § 1332 (a) FRCVP (amount in controversy and diversity of citizenship); The Civil Rights Act of 1964; 42 U.S.C. 2000 (a) (e); The Civil Rights Act of 1991; 42 U.S.C. § 1981, the 13th

1

Amendment of the United States Constitution; breach of contract and all other applicable theories of common law.

## Venue

2) Venue is appropriate because the Defendant is located in the District of Columbia and all acts complained of were committed in the District of Columbia.

## Parties

3) The Plaintiff, Kerry Oliver, is a 41 year old black male who resides at 1422 Kings Manor Drive, Mitchellville, Maryland 20721 in Prince George's County Maryland. He is employed by the defendant in the capacity of Billing Coordinator for approximately eight years without incident.

4) The Defendant is an international Limited Liability Partnership that provides legal services with its main office in 1555 Avenues of the Americas in New York, New York, and has a local office in the District of Columbia employing more than 100 hundred lawyers. The firm specializes in Anti-Trust, International Trade, Litigation, and International Dispute resolution, Government Inquiries, and Enforcement Proceedings, Internet Technology and Media, Taxation, Corporate and Commercial Transactions, Financial Insolvency, International Project Finance and Energy.

## Statement of Facts Common To All Counts

5) The Plaintiff worked for the defendant for approximately eight years without any major incident. However, on or around the year 2004 the plaintiff encountered discrimination based on his race for complaining about discriminatory treatment he received at the hands of his co-workers and superiors. That while the Defendant alleges

2

to have a workplace free of discrimination, Mr. Oliver was in fact discriminated against because of his race when he complained about discriminatory treatment by employees of the Defendant and was suffered discrimination based on retaliation.. As a result of the Defendant's discriminatory practices Mr. Oliver was denied the opportunity to engage in his employment responsibilities free from harassment, personal attacks and discriminatory treatment that created a hostile work environment which has caused Mr. Oliver Emotional Distress that has required professional treatment.

6) Specifically, Mr. Oliver was given an increased work load because he is black. Mr. Afzal Alli, who is not black, routinely dumped work on Mr. Oliver that was not his responsibility. When Mr. Oliver was not able to complete this overflow of work he was accused of not being able to perform his duties. However, the actions of Mr. Alli were done to conspire against Mr. Oliver because of his race and to have Mr. Oliver terminated.

7) After notifying management of the discriminatory treatment he endured at the hands of Mr. Alli. Instead of taken immediate action to address the discrimination management retaliated against Mr. Oliver and was even told by his supervisor, Owen Gauvin that he would be watching him and that he did not trust him. The work environment became so hostile that Mr. Oliver was afraid to interact with his co-workers and superiors. After unsuccessfully trying to resolve the actual discriminatory treatment he encountered at White & Case, LLP in an amicable manner, Mr. Oliver was forced to file a complaint with the United States Equal Employment Opportunity Commission (EEOC).

8)    On or around June 21, 2004 the parties entered into a Mediation Settlement Agreement in which the Defendant first and foremost agreed that there shall be no discrimination or retaliation of any kind against Mr. Oliver as a result of filing his EEOC Charge Number 100-A4-00461. The Defendant further guaranteed Mr. Oliver the following assurances in the Mediation Settlement Agreement: (a) That Mr. Afzal Alli and Mr. Oliver would each prepare a log/manual by the end of May so that when either is out, someone can "step in their shoes" and know the particulars (each partner's requirements) on bill preparation. (b) That Mr. Oliver would be given a vacant office away from co-workers that participated in creating a hostile work environment for Mr. Oliver (c) The Defendant shall provide Mr. Oliver with a typewriter to do his bills. (d) The Defendant shall confirm that Mr. Oliver's current salary is in the range for what billing coordinators generally earn at White & Case, LLP (e) The Defendant would provide Mr. Oliver with clarification regarding his job title. (f) that the agreement signed by the parties ensured Mr. Oliver that the workflow would be controlled by partners at the law firm, a Mr. Owen Gauvin or Annette Erickson (g) that the Defendant also agreed to make its billing department employees Annette Erickson and Leann Leo-Amato in New York available to provide training to Mr. Oliver and make themselves available to answer questions he had concerning his work and (h) finally the Defendant promised to give Mr. Oliver a performance review based on the fact that he has taken on the responsibilities of Billing Coordinator, and input for such review shall be obtained from the partners for whom Mr. Oliver performs billing services not co-workers. The Defendant White & Case, LLP is liable for the actions of its partners, employees, co-workers, associates, etc. under the legal doctrines of vicarious liability and respondeat

superior and all counts in this complaint apply directly to the Defendant White & Case, LLP as well as its agents, employees, associates, etc.

## Count One

## DISCRIMINATION BASED ON RACE

9) The Plaintiff re-alleges and incorporates paragraphs one (1) through eight (8) of the complaint for damages by reference for this cause of action as if fully stated herein.

10) Defendant, White & Case, LLP, are liable and responsible for all of the actions, omissions and negligence of its agents, servants, representatives and employees.

11) That while the Defendant alleges to have a workplace free of discrimination, Mr. Oliver was in fact discriminated against because of his race and complaints about the discrimination put upon him. Furthermore, when Mr. Oliver complained about his civil rights being violated and the discriminatory treatment by employee's of the Defendant management retaliated against him and conspired with his co-workers to terminate him. As a result of the Defendant's discriminatory practices Mr. Oliver was denied the opportunity to engage in his employment responsibilities free from harassment, personal attacks and discriminatory treatment that created a hostile work environment which has caused Mr. Oliver emotional Distress that has required professional treatment.

12) Specifically, Mr. Oliver was given an increased work load because he is black and complained about it to his superiors. Mr. Afzal Alli, who is not black, routinely dumped work on Mr. Oliver that was not his responsibility. When Mr. Oliver was not able to

5

complete this overflow of work he was accused of not being able to perform his duties. However, the actions of Mr. Alli were done to conspire with management to have Mr. Oliver terminated. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

    **WHEREFORE**, the Plaintiff prays:

    a)   that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP

    b)   that this court award Plaintiff compensatory damages in an amount to be determined at trial.

    c)   that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant.

    d)   that this court award Plaintiff such other and further relief as it deems just and proper.

    e)   that this court award Plaintiff $75,000.00 in punitive damages.

    f)   that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Two
### BREACH OF CONTRACT

13)    The Plaintiff re-alleges and incorporates paragraphs one (1) through twelve (12) of the complaint for damages by reference for this cause of action as if fully stated herein.

14) After Mr. Oliver filed his initial EEOC complaint the Defendant intentionally breached terms of the Mediation Settlement Agreement.

15) Specific breaches of the Agreement include provisions on page one (1) under section (d) which state that White & Case shall confirm that Oliver's current salary is in the range for what billing coordinators generally earn at White & case, LLP, and page 2 under section (h) which states that White & Case shall give Oliver a performance review based on the fact that he has since taken on the responsibilities of Billing Coordinator. Input for such review shall be obtained from partners for whom Oliver performs billing services. White & Case's failure to confirm in writing in a specific and detailed manner that Mr. Oliver's current salary in the range for what Billing Coordinators generally earn at White & Case as well as give him a written and fair performance review by partners for whom Oliver performs billing services is a breach of the Settlement Agreement between Kerry Oliver and the Defendant signed on June 23, 2004 by Victor DeSantis and signed by Kerry Oliver on July 2, 2004. This breach of the Settlement agreement required Mr. Oliver to file a second EEOC Charge Number 100-2005-01443, upon which this claim is based.

**WHEREFORE**, the Plaintiff prays:

a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant.

c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant;

    d) that this court award Plaintiff punitive damages in the amount of $100,000.00.

    e) that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Three

## **VIOLATION OF CIVIL RIGHTS LAW BASED OF 42 U.S.C. § 1981**

16) The Plaintiff re-alleges and incorporates paragraphs one (1) through twelve (15) of the complaint for damages by reference for this cause of action as if fully stated herein.

17) The law requires that "All persons within the jurisdiction of the United Stats shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." For purposes of 1981 the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Under 1981 protection against impairment means that rights protected by this law are protected against impairment by nongovernmental discrimination and impairment under color of State law.

18) White & Case, LLP has violated Mr. Oliver's equal rights under the law. When the Defendant allowed Mr. Oliver to be given a workload that was not specifically covered under his job description, but instead gave him an unrealistic workload that white employees in the same or similar position did not have the Defendant violated Title

8

42 USC § 1981 (b). The policies and procedures combined with Mr. Oliver's Job Description are tantamount to an employment contract. Mr. Oliver's contract was violated when he was required to perform tasks that his white counterparts did not have to perform. Thus the enforcement of his contract by the Defendant was violated and he was not given the same enjoyment of all benefits, privileges, terms and conditions of the contractual relationship as his white counterparts. When the partners at White & Case, LLP refused to control the workflow between Mr. Oliver and his white counterparts and such refusal to do so created an overflow of work for Mr. Oliver, the Defendant did not properly enforce the contractual relationship it has with Mr. Oliver, and as a result discriminated against him and gave special treatment to his white counterparts.

19)    When the Defendant intentionally allowed Mr. Alli to overburden Mr. Oliver with work that was not his responsibility the Defendant allowed Mr. Oliver's employment contract to be impaired as well as create a hostile work environment. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

**WHEREFORE**, the Plaintiff prays:

   a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

   b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant, but not less than $100,000.00.

   c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant.

d) that this court award Plaintiff punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Four

### INTENTIONAL DISCRIMINATION BASED ON RETALIATION

(20)   The Plaintiff re-alleges and incorporates paragraphs one (1) through nineteen (19) of the complaint for damages by reference for this cause of action as if fully stated herein.

(21)   After Mr. Oliver filed his EEOC charge he was given assurances that he would not be retaliated against. However, the Defendant did in fact retaliate against Mr. Oliver after he filed his initial charge. To date the Defendant has not provided any objective evidence to support that Mr. Oliver's salary is comparable the salaries the Firm pays to Billing Coordinators. Specifically, the firm has not provided evidence that Mr. Oliver's salary is comparable to his white counterparts, with the same knowledge and experience in the same position. While other employees have received performance based salary increases this year. Mr. Oliver has not received a performance based review. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

WHEREFORE, the Plaintiff prays:

a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

    b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant.

    c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant;

    d) that this court award Plaintiff punitive damages in the amount of $100,000.00.

    e) that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Five
## CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. § 1985 (1)

(22)    The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-one (21) of the complaint for damages by reference for this cause of action as if fully stated herein.

(23)    The Defendant has conspired with its employees to pressure Mr. Oliver to leave his job. This conspiracy is done in retaliation for exercising his rights under various civil rights laws including Title VII of the Civil Rights Act. The Plaintiff is informed and believes that the Defendant has instructed co-workers to limit their communications with Mr. Oliver and to keep a detailed log of his actions to justify any future personnel action the Defendant might take against Mr. Oliver. The Plaintiff also is informed and believed that the actions of the Defendant are designed to hinder or impede his growth at his job and to injure his reputation as he tries to perform his job responsibilities. The actions of the Defendant are such that Mr. Oliver is intimidated and recognizes the Defendant's actions as veiled threats designed to force him out of his job (constructive termination) and prevent him from complaining about the unlawful discrimination that he is suffering at the hands of the Defendant. The actions of the Defendant are a blatant conspiracy to

11

violate Mr. Oliver's civil rights. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

**WHEREFORE**, the Plaintiff prays:

a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant.

c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant;

d) that this court award Plaintiff punitive damages in the amount of $25,000.00.

e) that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Six

## CIVIL CONSPIRACY

(24) The Plaintiff re-alleges and incorporates paragraphs one (1) through Twenty-three (23) of the complaint for damages by reference for this cause of action as if fully stated herein.

(25) The Defendant has conspired with its employees to pressure Mr. Oliver to leave his job. This conspiracy is done in retaliation for filing exercising his rights under various civil rights laws including Title VII of the Civil rights Act. The Plaintiff is informed and believes that the Defendant has instructed co-workers to limit their

communications with Mr. Oliver and to keep a detailed log of his actions to justify any future personnel action the Defendant might take against Mr. Oliver. The Plaintiff also is informed and believed that the actions of the Defendant are designed to hinder or impede his growth at his job and to injure his reputation as he tries to perform his job responsibilities. The actions of the Defendant are such that Mr. Oliver is intimidated and recognizes the Defendant's actions as veiled threats designed to force him out of his job (constructive termination) and prevent him from complaining about the unlawful discrimination that he is suffering at the hands of the Defendant. The actions of the Defendant are a blatant conspiracy to violate Mr. Oliver's civil rights. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

**WHEREFORE**, the Plaintiff prays:

a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant.

c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant;

d) that this court award Plaintiff punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Seven
## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(26)    The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-five (25) of the complaint for damages by reference for this cause of action as if fully stated herein.

(27)    That due to Defendants actions, Mr. Oliver suffers with a depression, anxiety, and insomnia. He has a loss of interest in activities he used to enjoy. He feels anxious and stressed out at work and is unable to sleep due to constant thoughts that the Defendant has marked him due to his race and his right to complain about discriminatory treatment in the workplace.

(28)    Mr. Oliver can not emotionally tolerate working in a hostile work environment where he is treated with either contempt or total disregard. Since filing his EEOC complaint Mr. Oliver has been given little or no work to do.

(29)    Prior to complaining about the discriminatory practices of White & Case, LLP Mr. Oliver enjoyed his job. Now that he has exercised his right to be treated equally under the law he has been either harasses or ostracized.

(30)    When Mr. Oliver speaks with his employer about his concerns he is made to feel as if he is a "troublemaker" who has no future with his current employer. The Defendant's treatment of Mr. Oliver has caused him to seek counseling from a professional Psychologist to help him deal with how he is being unfairly treated by the Defendant. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after

they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

**WHEREFORE**, the premises considered, the Plaintiff pray:

a) that this court award Plaintiff judgment in his favor and against the Defendant, for all consequential and liquidated damages arising from the Defendants violation of law.

b) that this court award Plaintiff judgment in his favor and against the Defendant and for medical and hospital expenses incurred as a result of the Defendants' actions.

c) that this court award Plaintiff judgment in her favor and against the Defendants, for all Mental and Emotional Distress in the amount of $100,000.00.

d) that this court award Plaintiff judgment in his favor and against the Defendant, for punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff judgment in his favor and against the Defendant for attorneys' fees and such other and further relief as it deems just and proper.

## **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

(31) The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) of the complaint for damages by reference for this cause of action as if fully stated herein.

(32) That due to Defendants actions, Mr. Oliver suffers with a depression, anxiety, and insomnia. He has a loss of interest in activities he used to enjoy. He feels anxious and stressed out at work and is unable to sleep due to constant thoughts that the Defendant has marked him due to his race and his right to complain about discriminatory treatment in the workplace.

(33) Mr. Oliver can not emotionally tolerate working in a hostile work environment where he is treated with either contempt or total disregard. Since filing his EEOC complaint Mr. Oliver has been given little or no work to do.

(34) Prior to complaining about the discriminatory practices of White & Case, LLP Mr. Oliver enjoyed his job. Now that he has exercised his right to be treated equally under the law he has been either harasses or ostracized.

(35) When Mr. Oliver speaks with his employer about his concerns he is made to feel as if he is a "troublemaker" who has no future with his current employer. The Defendant's treatment of Mr. Oliver has caused him to seek counseling from a professional Psychologist to help him deal with how he is being unfairly treated by the Defendant.

**WHEREFORE**, the premises considered, the Plaintiff pray:

a) that this court award Plaintiff judgment in his favor and against the Defendant, for all consequential and liquidated damages arising from the Defendants violation of law.

b) that this court award Plaintiff judgment in his favor and against the Defendant and for medical and hospital expenses incurred as a result of the Defendants' actions.

c) that this court award Plaintiff judgment in her favor and against the Defendants, for all Mental and Emotional Distress in the amount of $100,000.00.

d) that this court award Plaintiff judgment in his favor and against the Defendant, for punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff judgment in his favor and against the Defendant for attorneys' fees and such other and further relief as it deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

The Plaintiff, Kerry Oliver, through Counsel, respectfully request a Jury Trial on all issues of fact presented in this case.

**Plaintiff by Counsel**
**Kerry Oliver**

Respectfully Submitted

By: *[signature]*

Andrellos Mitchell (MD Bar # 22896)
Law Office Of Andrellos Mitchell, PLLC
717 D Street, NW
Suite 300
Washington, DC 20004
tel./fax: 202-737-4999

Attorney for Plaintiff