# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Kerry Oliver
14 22 Kings Manor Dr.
Mitchelluille, Maryland 20721

**SUMMONS IN A CIVIL CASE**

V.

White & Case LLP
601 13th St., N.W.,
Suite 600 South           CASI
Washington, D.C. 20005

CASE NUMBER  1:05CV02485

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

DATE STAMP: 12/29/2005

TO: (Name and address of Defendant)

White & Case LLP
Qualification
601 13th St, N.W.,
Suite 600 South
Washington, D.C. 20005   (Agent None)
                         (not required)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Office of Andrellos Mitchell, PLLC
717 D Street NW
Suite 300
Washington, D.C. 20004

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON                    DEC 2 9 2005

CLERK                                          DATE

(By) DEPUTY CLERK

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk of Court

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in the delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to trial of your case by a United States Magistrate Judge. By statute, 28 USC § 636(c), Fed.R.Civ.P. 73 and Local Civil Rule 73.1, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

### WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Civil Rule 16.3 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Counsel for the plaintiff has been furnished a copy of the "Consent to Proceed Before a United States Magistrate Judge for all Purposes" form. If and when the form is executed, your response should be made to the Clerk of the United States District Court only.

### WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned to all purposes to a Magistrate Judge.

CO-942A
Rev. 7/99

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

KERRY OLIVER
1422 KINGS MANOR DRIVE
MITCHELLEVILLE, MARYLAND 20721

      Plaintiff

      V.

WHITE & CASE, LLP
601 13TH STREET, NW
SUITE 600 SOUTH
WASHINGTON, DC 20005

      Defendant.

_____/

CASE NUMBER  1:05CV02485

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

DATE STAMP: 12/29/2005

## COMPLAINT BASED ON CIVIL RIGHTS VIOLATIONS
## BREACH OF CONTRACT, CONSPIRACY, AND EMOTIONAL DISTRESS

Comes now Plaintiff, Kerry Oliver, through counsel and files his complaint against the defendant through counsel, The Law Office of Andrellos Mitchell, PLLC, and *submits his complaint only after numerous efforts to settle his claims with the Defendant without litigation. However because the Defendant adamantly refused to make Mr. Oliver a reasonable settlement offer, he was forced to litigate this matter, and while he is still open to an amicable settlement, he seeks relief through this court and alleges the following in his complaint.*

### Jurisdiction

1)    This court has jurisdiction of this matter pursuant to Title 28 of U.S.C. § 1332 (a) FRCVP (amount in controversy and diversity of citizenship); The Civil Rights Act of 1964; 42 U.S.C. 2000 (a) (e); The Civil Rights Act of 1991; 42 U.S.C. § 1981, the 13th

Amendment of the United States Constitution; breach of contract and all other applicable theories of common law.

## Venue

2)    Venue is appropriate because the Defendant is located in the District of Columbia and all acts complained of were committed in the District of Columbia.

## Parties

3)    The Plaintiff, Kerry Oliver, is a 41 year old black male who resides at 1422 Kings Manor Drive, Mitchellville, Maryland 20721 in Prince George's County Maryland. He is employed by the defendant in the capacity of Billing Coordinator for approximately eight years without incident.

4)    The Defendant is an international Limited Liability Partnership that provides legal services with its main office in 1555 Avenues of the Americas in New York, New York, and has a local office in the District of Columbia employing more than 100 hundred lawyers. The firm specializes in Anti-Trust, International Trade, Litigation, and International Dispute resolution, Government Inquiries, and Enforcement Proceedings, Internet Technology and Media, Taxation, Corporate and Commercial Transactions, Financial Insolvency, International Project Finance and Energy.

## Statement of Facts Common To All Counts

5)    The Plaintiff worked for the defendant for approximately eight years without any major incident. However, on or around the year 2004 the plaintiff encountered discrimination based on his race for complaining about discriminatory treatment he received at the hands of his co-workers and superiors. That while the Defendant alleges

2

to have a workplace free of discrimination, Mr. Oliver was in fact discriminated against because of his race when he complained about discriminatory treatment by employees of the Defendant and was suffered discrimination based on retaliation.. As a result of the Defendant's discriminatory practices Mr. Oliver was denied the opportunity to engage in his employment responsibilities free from harassment, personal attacks and discriminatory treatment that created a hostile work environment which has caused Mr. Oliver Emotional Distress that has required professional treatment.

6)      Specifically, Mr. Oliver was given an increased work load because he is black. Mr. Afzal Alli, who is not black, routinely dumped work on Mr. Oliver that was not his responsibility. When Mr. Oliver was not able to complete this overflow of work he was accused of not being able to perform his duties. However, the actions of Mr. Alli were done to conspire against Mr. Oliver because of his race and to have Mr. Oliver terminated.

7)      After notifying management of the discriminatory treatment he endured at the hands of Mr. Alli. Instead of taken immediate action to address the discrimination management retaliated against Mr. Oliver and was even told by his supervisor, Owen Gauvin that he would be watching him and that he did not trust him. The work environment became so hostile that Mr. Oliver was afraid to interact with his co-workers and superiors. After unsuccessfully trying to resolve the actual discriminatory treatment he encountered at White & Case, LLP in an amicable manner, Mr. Oliver was forced to file a complaint with the United States Equal Employment Opportunity Commission (EEOC).

3

8)   On or around June 21, 2004 the parties entered into a Mediation Settlement

Agreement in which the Defendant first and foremost agreed that there shall be no

discrimination or retaliation of any kind against Mr. Oliver as a result of filing his EEOC

Charge Number 100-A4-00461. The Defendant further guaranteed Mr. Oliver the

following assurances in the Mediation Settlement Agreement: (a) That Mr. Afzal Alli

and Mr. Oliver would each prepare a log/manual by the end of May so that when either is

out, someone can "step in their shoes" and know the particulars (each partner's

requirements) on bill preparation. (b) That Mr. Oliver would be given a vacant office

away from co-workers that participated in creating a hostile work environment for Mr.

Oliver (c) The Defendant shall provide Mr. Oliver with a typewriter to do his bills. (d)

The Defendant shall confirm that Mr. Oliver's current salary is in the range for what

billing coordinators generally earn at White & Case, LLP (e) The Defendant would

provide Mr. Oliver with clarification regarding his job title. (f) that the agreement signed

by the parties ensured Mr. Oliver that the workflow would be controlled by partners at

the law firm, a Mr. Owen Gauvin or Annette Erickson (g) that the Defendant also agreed

to make its billing department employees Annette Erickson and Leann Leo-Amato in

New York available  to provide training to Mr. Oliver and make themselves available to

answer questions he had concerning his work and (h) finally the Defendant promised to

give Mr. Oliver a performance review based on the fact that he has taken on the

responsibilities of Billing Coordinator, and input for such review shall be obtained from

the partners for whom Mr. Oliver performs billing services not co-workers.

The Defendant White & Case, LLP is liable for the actions of its partners, employees, co-

workers, associates, etc. under the legal doctrines of vicarious liability and respondeat

4

superior and all counts in this complaint apply directly to the Defendant White & Case, LLP as well as its agents, employees, associates, etc.

## Count One

## DISCRIMINATION BASED ON RACE

9)    The Plaintiff re-alleges and incorporates paragraphs one (1) through eight (8) of the complaint for damages by reference for this cause of action as if fully stated herein.

10)    Defendant, White & Case, LLP, are liable and responsible for all of the actions, omissions and negligence of its agents, servants, representatives and employees.

11)    That while the Defendant alleges to have a workplace free of discrimination, Mr. Oliver was in fact discriminated against because of his race and complaints about the discrimination put upon him.  Furthermore, when Mr. Oliver complained about his civil rights being violated and the discriminatory treatment by employee's of the Defendant management retaliated against him and conspired with his co-workers to terminate him. As a result of the Defendant's discriminatory practices Mr. Oliver was denied the opportunity to engage in his employment responsibilities free from harassment, personal attacks and discriminatory treatment that created a hostile work environment which has caused Mr. Oliver emotional Distress that has required professional treatment.

12)    Specifically, Mr. Oliver was given an increased work load because he is black and complained about it to his superiors.   Mr. Afzal Alli, who is not black, routinely dumped work on Mr. Oliver that was not his responsibility. When Mr. Oliver was not able to

5

complete this overflow of work he was accused of not being able to perform his duties.

However, the actions of Mr. Alli were done to conspire with management to have

Mr. Oliver terminated. Although the Defendant settled Mr. Oliver's initial EEOC Charge

(100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced

to file a second Charge, upon which this count is based (Charge Number 100-2005-

01443).

    **WHEREFORE,** the Plaintiff prays:

    a)   that this court award Plaintiff judgment in his favor and against the
Defendant, White & Case, LLP

    b)   that this court award Plaintiff compensatory damages in an amount to be
determined at trial.

    c)   that this court award Plaintiff the reasonable cost of this action, and
reasonable attorney fees against the Defendant.

    d)   that this court award Plaintiff such other and further relief as it deems just
and proper.

    e)   that this court award Plaintiff $75,000.00 in punitive damages.

    f)   that this court award Plaintiff such other and further relief as it deems just
and proper.

## Count Two
## BREACH OF CONTRACT

13)    The Plaintiff re-alleges and incorporates paragraphs one (1) through

twelve (12) of the complaint for damages by reference for this cause of action as if fully

stated herein.

6

14) After Mr. Oliver filed his initial EEOC complaint the Defendant intentionally breached terms of the Mediation Settlement Agreement.

15) Specific breaches of the Agreement include provisions on page one (1) under section (d) which state that White & Case shall confirm that Oliver's current salary is in the range for what billing coordinators generally earn at White & case, LLP, and page 2 under section (h) which states that White & Case shall give Oliver a performance review based on the fact that he has since taken on the responsibilities of Billing Coordinator. Input for such review shall be obtained from partners for whom Oliver performs billing services. White & Case's failure to confirm in writing in a specific and detailed manner that Mr. Oliver's current salary in the range for what Billing Coordinators generally earn at White & Case as well as give him a written and fair performance review by partners for whom Oliver performs billing services is a breach of the Settlement Agreement between Kerry Oliver and the Defendant signed on June 23, 2004 by Victor DeSantis and signed by Kerry Oliver on July 2, 2004. This breach of the Settlement agreement required Mr. Oliver to file a second EEOC Charge Number 100-2005-01443, upon which this claim is based.

**WHEREFORE**, the Plaintiff prays:

   a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

   b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant.

   c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant;

7

d) that this court award Plaintiff punitive damages in the amount of $100.000.00.

e) that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Three

## VIOLATION OF CIVIL RIGHTS LAW BASED OF 42 U.S.C. § 1981

16) The Plaintiff re-alleges and incorporates paragraphs one (1) through twelve (15) of the complaint for damages by reference for this cause of action as if fully stated herein.

17) The law requires that "All persons within the jurisdiction of the United Stats shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." For purposes of 1981 the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Under 1981 protection against impairment means that rights protected by this law are protected against impairment by nongovernmental discrimination and impairment under color of State law.

18) White & Case, LLP has violated Mr. Oliver's equal rights under the law. When the Defendant allowed Mr. Oliver to be given a workload that was not specifically covered under his job description, but instead gave him an unrealistic workload that white employees in the same or similar position did not have the Defendant violated Title

8

42 USC § 1981 (b). The policies and procedures combined with Mr. Oliver's Job Description are tantamount to an employment contract. Mr. Oliver's contract was violated when he was required to perform tasks that his white counterparts did not have to perform. Thus the enforcement of his contract by the Defendant was violated and he was not given the same enjoyment of all benefits, privileges, terms and conditions of the contractual relationship as his white counterparts. When the partners at White & Case, LLP refused to control the workflow between Mr. Oliver and his white counterparts and such refusal to do so created an overflow of work for Mr. Oliver, the Defendant did not properly enforce the contractual relationship it has with Mr. Oliver, and as a result discriminated against him and gave special treatment to his white counterparts.

19)    When the Defendant intentionally allowed Mr. Alli to overburden Mr. Oliver with work that was not his responsibility the Defendant allowed Mr. Oliver's employment contract to be impaired as well as create a hostile work environment. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

**WHEREFORE**, the Plaintiff prays:

a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant, but not less than $100,000.00.

c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant.

9

d) that this court award Plaintiff punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff such other and further relief as it deems just and proper.

## Count Four

## INTENTIONAL DISCRIMINATION BASED ON RETALIATION

(20)    The Plaintiff re-alleges and incorporates paragraphs one (1) through nineteen (19) of the complaint for damages by reference for this cause of action as if fully stated herein.

(21)    After Mr. Oliver filed his EEOC charge he was given assurances that he would not be retaliated against. However, the Defendant did in fact retaliate against Mr. Oliver after he filed his initial charge. To date the Defendant has not provided any objective evidence to support that Mr. Oliver's salary is comparable the salaries the Firm pays to Billing Coordinators. Specifically, the firm has not provided evidence that Mr. Oliver's salary is comparable to his white counterparts, with the same knowledge and experience in the same position. While other employees have received performance based salary increases this year. Mr. Oliver has not received a performance based review. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

WHEREFORE, the Plaintiff prays:

a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

10

b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant.

c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant;

d) that this court award Plaintiff punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff such other and further relief as it deems just and proper.

### Count Five
### CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. § 1985 (1)

(22)    The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-one (21) of the complaint for damages by reference for this cause of action as if fully stated herein.

(23)    The Defendant has conspired with its employees to pressure Mr. Oliver to leave his job. This conspiracy is done in retaliation for exercising his rights under various civil rights laws including Title VII of the Civil Rights Act. The Plaintiff is informed and believes that the Defendant has instructed co-workers to limit their communications with Mr. Oliver and to keep a detailed log of his actions to justify any future personnel action the Defendant might take against Mr. Oliver. The Plaintiff also is informed and believed that the actions of the Defendant are designed to hinder or impede his growth at his job and to injure his reputation as he tries to perform his job responsibilities. The actions of the Defendant are such that Mr. Oliver is intimidated and recognizes the Defendant's actions as veiled threats designed to force him out of his job (constructive termination) and prevent him from complaining about the unlawful discrimination that he is suffering at the hands of the Defendant. The actions of the Defendant are a blatant conspiracy to

11

violate Mr. Oliver's civil rights. Although the Defendant settled Mr. Oliver's initial

EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr.

Oliver was forced to file a second Charge, upon which this count is based (Charge

Number 100-2005-01443).

   **WHEREFORE**, the Plaintiff prays:

   a) that this court award Plaintiff judgment in his favor and against the

      Defendant, White & Case, LLP.

   b) that this court award Plaintiff compensatory damages in an amount to be

      determined at trial against Defendant.

   c) that this court award Plaintiff the reasonable cost of this action, and

      reasonable attorney fees against the Defendant;

   d) that this court award Plaintiff punitive damages in the amount of $25,000.00.

   e) that this court award Plaintiff such other and further relief as it deems just

      and proper.

## Count Six

## <u>CIVIL CONSPIRACY</u>

(24)    The Plaintiff re-alleges and incorporates paragraphs one (1) through

Twenty-three (23) of the complaint for damages by reference for this cause of action as if

fully stated herein.

(25)    The Defendant has conspired with its employees to pressure Mr. Oliver to leave

his job. This conspiracy is done in retaliation for filing exercising his rights under

various civil rights laws including Title VII of the Civil rights Act. The Plaintiff is

informed and believes that the Defendant has instructed co-workers to limit their

12

communications with Mr. Oliver and to keep a detailed log of his actions to justify any future personnel action the Defendant might take against Mr. Oliver. The Plaintiff also is informed and believed that the actions of the Defendant are designed to hinder or impede his growth at his job and to injure his reputation as he tries to perform his job responsibilities. The actions of the Defendant are such that Mr. Oliver is intimidated and recognizes the Defendant's actions as veiled threats designed to force him out of his job (constructive termination) and prevent him from complaining about the unlawful discrimination that he is suffering at the hands of the Defendant. The actions of the Defendant are a blatant conspiracy to violate Mr. Oliver's civil rights. Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

**WHEREFORE,** the Plaintiff prays:

a) that this court award Plaintiff judgment in his favor and against the Defendant, White & Case, LLP.

b) that this court award Plaintiff compensatory damages in an amount to be determined at trial against Defendant.

c) that this court award Plaintiff the reasonable cost of this action, and reasonable attorney fees against the Defendant;

d) that this court award Plaintiff punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff such other and further relief as it deems just and proper.

13

## Count Seven
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(26)    The Plaintiff re-alleges and incorporates paragraphs one (1) through

twenty-five (25) of the complaint for damages by reference for this cause of action as if

fully stated herein.

(27)    That due to Defendants actions, Mr. Oliver suffers with a depression, anxiety, and

insomnia. He has a loss of interest in activities he used to enjoy. He feels anxious and

stressed out at work and is unable to sleep due to constant thoughts that the Defendant has

marked him due to his race and his right to complain about discriminatory treatment in the

workplace.

(28)    Mr. Oliver can not emotionally tolerate working in a hostile work environment

where he is treated with either contempt or total disregard. Since filing his EEOC complaint

Mr. Oliver has been given little or no work to do.

(29)    Prior to complaining about the discriminatory practices of White & Case, LLP Mr.

Oliver enjoyed his job. Now that he has exercised his right to be treated equally under the

law he has been either harasses or ostracized.

(30)    When Mr. Oliver speaks with his employer about his concerns he is made to feel as

if he is a "troublemaker" who has no future with his current employer. The Defendant's

treatment of Mr. Oliver has caused him to seek counseling from a professional

Psychologist to help him deal with how he is being unfairly treated by the Defendant.

Although the Defendant settled Mr. Oliver's initial EEOC Charge (100-A4-00461), after

14

they breached the terms of the Agreement Mr. Oliver was forced to file a second Charge, upon which this count is based (Charge Number 100-2005-01443).

**WHEREFORE**, the premises considered, the Plaintiff pray:

a) that this court award Plaintiff judgment in his favor and against the Defendant, for all consequential and liquidated damages arising from the Defendants violation of law.

b) that this court award Plaintiff judgment in his favor and against the Defendant and for medical and hospital expenses incurred as a result of the Defendants' actions.

c) that this court award Plaintiff judgment in her favor and against the Defendants, for all Mental and Emotional Distress in the amount of $100,000.00.

d) that this court award Plaintiff judgment in his favor and against the Defendant, for punitive damages in the amount of $100,000.00.

e) that this court award Plaintiff judgment in his favor and against the Defendant for attorneys' fees and such other and further relief as it deems just and proper.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(31)    The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) of the complaint for damages by reference for this cause of action as if fully stated herein.

(32)    That due to Defendants actions, Mr. Oliver suffers with a depression, anxiety, and insomnia. He has a loss of interest in activities he used to enjoy. He feels anxious and stressed out at work and is unable to sleep due to constant thoughts that the Defendant has marked him due to his race and his right to complain about discriminatory treatment in the workplace.

15

(33)    Mr. Oliver can not emotionally tolerate working in a hostile work environment where he is treated with either contempt or total disregard.  Since filing his EEOC complaint Mr. Oliver has been given little or no work to do.

(34)    Prior to complaining about the discriminatory practices of White & Case, LLP Mr. Oliver enjoyed his job.  Now that he has exercised his right to be treated equally under the law he has been either harasses or ostracized.

(35)    When Mr. Oliver speaks with his employer about his concerns he is made to feel as if he is a "troublemaker" who has no future with his current employer.  The Defendant's treatment of Mr. Oliver has caused him to seek counseling from a professional Psychologist to help him deal with how he is being unfairly treated by the Defendant.

    **WHEREFORE**, the premises considered, the Plaintiff pray:

    a)  that this court award Plaintiff judgment in his favor and against the Defendant, for all consequential and liquidated damages arising from the Defendants violation of law.

    b)  that this court award Plaintiff judgment in his favor and against the Defendant and for medical and hospital expenses incurred as a result of the Defendants' actions.

    c)  that this court award Plaintiff judgment in her favor and against the Defendants, for all Mental and Emotional Distress in the amount of $100,000.00.

    d)  that this court award Plaintiff judgment in his favor and against the Defendant, for punitive damages in the amount of $100,000.00.

    e)  that this court award Plaintiff judgment in his favor and against the Defendant for attorneys' fees and such other and further relief as it deems just and proper.

16

**PLAINTIFF DEMANDS A JURY TRIAL**

The Plaintiff, Kerry Oliver, through Counsel, respectfully request a Jury Trial on

all issues of fact presented in this case.

**Plaintiff by Counsel**
**Kerry Oliver**

Respectfully Submitted

By: _Andrellos Mitchell_

Andrellos Mitchell (MD Bar # 22896)
Law Office Of Andrellos Mitchell, PLLC
717 D Street, NW
Suite 300
Washington, DC 20004
tel./fax: 202-737-4999

Attorney for Plaintiff

17

**EXHIBIT B**

## MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER: 100-2004-00461

CHARGING PARTY: Kerry Oliver

RESPONDENT: White & Case LLP

1.　In exchange for the promises made by White & Case LLP ("Respondent") obtained through the U.S. Equal Employment Opportunity's Mediation process pursuant to its Charge #100-A4-00461 and provided Kerry Oliver ("Charging Party") shall execute (i) a confidential Settlement Agreement containing a full release and confidentiality provision and (ii) a Request to Withdraw A Charge, in each case of (i) and (ii) above, in forms to be acceptable to, and provided by, Respondent and which shall be applicable to its successors assigns, partners, employees, agents, representatives and any other person or entity connected thereto, Charging Party agrees not to institute a lawsuit under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 as amended, and/or the Americans with Disabilities Act of 1990, as amended, based on EEOC Charge Number 100A400).

2.　Further we agree that submission of this agreement to EEOC will constitute a request for closure and/or withdrawal of EEOC Charge # 100-A4-00461.

3.　It is understood that this agreement does not constitute an admission by Respondent of any violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, or the Americans with Disabilities Act of 1990, as amended.

4.　Respondent agrees that there shall be no discrimination or retaliation of any kind against the Charging Party as a result of filing this charge or against any person because of opposition to any practice deemed illegal under the Americans with Disabilities Act of 1990, as amended, the Age Discrimination in Employment Act of 1967, as amended, or Title VII of the Civil Rights Act of 1964, as amended, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

5.　Except as provided in paragraph 1 hereto, this document constitutes a final and complete statement of the agreement between the Charging Party, Respondent and EEOC.

6.　The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged. Charging Party agrees that he has

   (i) read and fully understands the terms of this Agreement;

   (ii) been advised to consult with his attorneys, concerning the terms of this Agreement, and that he has done so to the extent he deems necessary;

(iii) agreed to this Agreement knowingly, voluntarily, with such advice from his counsel as he deemed appropriate, and was not subjected to any undue influence or coercion in agreeing to their terms;

(iv) acknowledged that there is a risk that subsequent to the execution of this Agreement, the Charging Party may discover, incur, or suffer claims that were unknown to the parties or unanticipated at the time of signing this Agreement, including, without limitation, unknown or unanticipated claims that, had they been known, may have materially affected the decision to enter into this Agreement. The Charging Party expressly assumes the risk of such unknown and unanticipated claims and agrees that this Agreement applies to all such potential claims;

(v) been given 21 days to consider this Agreement, and acknowledged that in the event he executes this Agreement prior to the expiration of the 21 day period, he hereby waives the balance of said period;

(vi) seven (7) days following his execution of this Agreement to revoke the same and the Agreement shall not become effective or enforceable until the revocation period has expired. Any revocation within this seven (7) day period must be submitted in writing and personally delivered or mailed AND delivered by facsimile by 5:30 p.m. on the 7th day following his execution of the Agreement to Ms. Jill Connors, Director of Human Resources, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (facsimile number: (212) 354-8113). If the Agreement is revoked by him then he shall forfeit the benefits provided in the Agreement.

7. As evidence of a good faith effort to resolve EEOC Charge # 100-A4-00461, Respondent offers and Charging Party accepts the following proposal of the settlement:

(a) Respondent will require that Afzal Alli and Charging Party each prepare a log/manual by the end of May so that when either is out, someone can "step in their shoes" and know the particulars (each partner's requirements) on bill preparation.

(b) There currently exists a vacant office next to the room where Charging Party and two other accounts payable clerks sit. This vacant office was previously occupied by Afzal Alli. Respondent moved Afzal Alli out of that office into another office away from where Charging Party and the other two accounts payable clerks sit in an attempt to ease the tension after Charging Party filed his charge. Respondent shall offer Oliver that vacant office.

(c) Respondent shall provide Charging Party with a typewriter to do his bills.

(d) Respondent shall confirm that Charging Party's current salary is in the range for what billing coordinators generally earn at Respondent.

(c) Respondent shall provide Charging Party with clarification regarding his job title.

(f) Respondent shall ensure that workflow (i.e., overflow of work from Afzal Alli/ overflow of work from Charging Party) comes from partners (regarding their own bills, requests etc.), Owen Gauvin or Annette Erickson.

(g) Respondent's billing department in New York (Annette Erickson and Leann Leo-Amato) shall be available to provide training for Charging Party and will be available to answer questions. Charging Party shall be judicious in calling Annette/Leann with questions and will only go to New York when substantive training is required.

(h) Respondent shall give Charging Party a performance review based on the fact that he has since taken on the responsibilities of billing coordinator. Input for such review shall be obtained from the partners for whom Charging Party performs billing services.

_____          _____
Charging Party/Kerry Oliver                              Date

_____          _____
For Respondent/White & Case LLP                      Date

In reliance on the promises made in the paragraphs above, EEOC agrees to terminate its investigation and to not use the above referenced charge as a jurisdictional basis for a civil action under Title VII of the Civil Rights Act of 1964, as amended the Age discrimination in Employment Act, as amended and the American with Disabilities Act as amended. EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against Respondent.

On behalf of the Commission:

_____          _____
Dana R. Nutter, Acting Director
Washington Field Office

# EXHIBIT C

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (collectively with Schedule A attached hereto and made a part hereof, the "Agreement") is made as of June 23, 2004 by and among White & Case LLP, (collectively, "W&C"), its affiliates, and Kerry Oliver ("Oliver").

**WHEREAS,** Oliver has been an employee of White & Case LLP since November 1997;

**WHEREAS,** Oliver has alleged that because of the actions of one of its employees, Afzal Alli, who is a co-worker of Mr. Oliver, W&C has discriminated against Oliver on the basis of his race;

**WHEREAS,** Oliver has filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging race discrimination;

**WHEREAS,** W&C has denied and continues to deny any wrongdoing;

**WHEREAS,** the parties hereto desire to resolve fully and settle finally, completely and forever all of Oliver's claims without exception;

NOW, THEREFORE, in consideration of the mutual covenants and agreement contained in this Agreement, the parties hereto, intending to be legally bound, agree as follows:

1.    General Release.    Oliver agrees that he shall, contemporaneously with his execution of this Agreement, execute, under oath, a general release in the form attached hereto as Schedule A ("General Release").

2.    Obligations.    In exchange for the General Release, the parties agree as follows:

(a)    W&C will require that Afzal Alli and Oliver each prepare a log/manual by the end of May so that when either is out, someone can "step in their shoes" and know the particulars (each partner's requirements) on bill preparation.

(b)    There currently exists a vacant office next to the room where Oliver and two other accounts payable clerks sit. This vacant office was previously occupied by Afzal Alli. W&C moved Afzal Alli out of that office into another office away from where Oliver and the other two accounts payable clerks sit in an attempt to ease the tension after Oliver filed his charge. W&C shall offer Oliver that vacant office.

(c)    W&C shall provide Oliver with a typewriter to do his bills.

(d)    W&C shall confirm that Oliver's current salary is in the range for what billing coordinators generally earn at W&C.

(e)    W&C shall provide Oliver with clarification regarding his job title.

(f)    W&C shall ensure that workflow (i.e., overflow of work from Afzal Alli/ overflow of work from Oliver) comes from partners (regarding their own bills, requests etc.), Owen Gauvin or Annette Erickson.

(g)    W&C's billing department in New York (Annette Erickson and Leann Leo-Amato) shall be available to provide training for Oliver and will be available to answer questions. Oliver shall be judicious in calling Annette/Leann with questions and will only go to New York when substantive training is required.

(h)    W&C shall give Oliver a performance review based on the fact that he has since taken on the responsibilities of billing coordinator. Input for such review shall be obtained from the partners for whom Oliver performs billing services.

3.    Non-Disparagement and Disclosures to Third Parties. (a) Oliver agrees that he shall not make statements to any third party accusing W&C, as defined above, of discriminatory, retaliatory, wrongful or unfair conduct in relation to Oliver's employment with W&C and that he will not otherwise disparage W&C, its employees, business or clients; provided, however, that this paragraph shall not apply to Oliver's compliance with any duly issued subpoena or other compulsory legal process.

(b)    W&C agrees that it will not disparage Oliver to any parties; provided, however that this subparagraph shall not apply to all entities' compliance with any duly issued subpoena or other compulsory legal process. Solely for purposes of this subparagraph, W&C shall mean the senior administrator and the Executive Partner of W&C's Washington, D.C. office.

4.    Confidentiality, Non-Disclosure and Other Covenants. Oliver hereby agrees that this Agreement is confidential, and agrees not to disclose the existence or the terms of this Agreement, except to Oliver's family, attorney or accountant or as required by law.

5.    Covenant Not to Sue. Oliver hereby covenants and agrees not to sue, file any complaint or arbitration or commence any other proceeding against any of the Released Parties as defined in Schedule A attached hereto in any arbitration tribunal or court of law or equity, with respect to any matter whatsoever, except, however, that nothing in this paragraph shall prevent Oliver from proceeding as herein provided with respect to the enforcement of this Agreement.

6.    Disclaimer of Liability. Oliver acknowledges and agrees that the entry by W&C into this Agreement does not constitute an admission of any liability or wrongdoing on its part and W&C expressly denies the same; it is expressly understood and agreed that this Agreement is being entered into by W&C solely for the purpose of avoiding the costs and disruption of litigation and to settle an outstanding claim of Oliver against W&C.

7.    Request for Withdrawal. Oliver, through his attorney, shall execute and submit a Request for Withdrawal With Prejudice of the aforementioned Charge of Discrimination in the form annexed hereto as Exhibit 1. Such Request shall be executed and filed with the Equal Employment Opportunity Commission following the execution of this Settlement Agreement by the parties.

8.    No Assignment of Claim. Oliver shall not assign or otherwise transfer his rights or interests under this Settlement Agreement.

9.    Arbitration.    (a) Any dispute arising regarding any aspect of Oliver's employment, and all disputes or controversies of any nature whatsoever, arising from or regarding the interpretation, performance, enforcement or breach of this Settlement Agreement, including any claims of discrimination, harassment, violations of statutory law (an "Arbitrable Dispute") will be exclusively submitted to binding arbitration before a neutral arbitrator (the "Arbitrator"). If Oliver and W&C are unable to agree upon the Arbitrator, W&C will obtain a list of five arbitrators from the American Arbitration Association. Oliver (first) and then W&C will alternately strike names from the list until only one name remains; the remaining person shall be the Arbitrator. The Arbitrator shall be bound by the qualifications and disclosure provisions and the procedures set forth in the then-current Model Employment Arbitration Procedures of the American Arbitration Association and shall order more than minimal discovery as is appropriate to the nature of the claim and necessary to the adjudication thereof. The prevailing party shall pay all reasonable fees of the arbitrator in connection with the arbitration proceedings commenced pursuant to this paragraph 9.

(b)    Arbitration proceedings shall be held in New York City, New York. The Arbitrator shall determine the prevailing party in the arbitration. The Arbitrator shall be permitted to award only those remedies in law or equity available in New York federal and state courts which are requested by the parties, appropriate for the claims and supported by credible, relevant evidence. The Arbitrator's award shall be in writing and shall state the reasons for the award. There shall be no right to appeal the decision of the Arbitrator. Oliver and W&C agree that this arbitration shall be the exclusive means of resolving any Arbitrable Dispute and that no other action will be brought by Oliver in any court or other forum. This agreement is a waiver of all rights to a civil court action and appeal for an Arbitrable Dispute; only the Arbitrator, not a judge or a jury, will decide the dispute.

(c)    If for any reason all or part of this arbitration provision in paragraph 9 hereof is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not effect any other portion of this arbitration provision but this provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable part or parts of this provision had never been contained herein, consistent with the general intent of the parties insofar as possible.

10.    Scope of Agreement.  Oliver represents and acknowledges that he has had an opportunity to review this Agreement and the General Release attached as Schedule A and has been afforded the opportunity to review their terms with his attorney prior to execution. Oliver represents that he understands that such General Release fully and completely waives and gives up all claims he may have against W&C, excepting only claims arising out of this Agreement, that he fully understands the terms and significance of this Agreement and such General Release, that he voluntarily and knowingly agrees to all the terms and conditions contained therein, and that he is signing the Agreement and such General Release voluntarily and knowingly.

11.    Entire Agreement.  Other than Schedule A and Exhibit 1 attached hereto, this Agreement contains the entire understanding between Oliver and W&C, and supersedes any and all other prior agreements, understandings, discussions, negotiations, whether written or oral, between Oliver and W&C. This Agreement and the General Releases cannot be changed except in a writing signed by Oliver and W&C. Oliver acknowledges that neither W&C nor any of its

affiliates or representatives have made any representation or promise to him other than as set forth herein.

12.     Drafter.    No inference against or in favor of any party to the Settlement Agreement, Mutual Release and/or Request for Withdrawal (collectively, the "Settlement Documents") shall be drawn from the fact that such party or its counsel has drafted any portion of any of the Settlement Documents.

13.     Governing Law.    This Agreement shall be governed by the laws of the State of New York, without regard to its conflicts of laws provisions.

14.     Counterparts.    This Agreement may be executed in any number of counterparts and by different parties on separate counterparts, each of which counterpart, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

WHITE & CASE LLP

By: _____

Victor DeSantis
Executive Partner, D.C. Office

Date: _June 23_____, 2004


_____
Kerry Oliver

Date: ___7-2_____, 2004