# TABLE OF CONTENTS

Table of Authorities ......................................................................................................... ii

Relevant Background ....................................................................................................... 1

ARGUMENT I –    The Federal Arbitration Act Requires
                Arbitration of Plaintiff's Claims ............................................................ 2

                    A.    The Parties Entered into a Valid and
                       Binding Agreement to Arbitrate ................................................... 3

                    B.    The Arbitration Provision Covers All of
                       Plaintiff's Claims ......................................................................... 4

CONCLUSION .................................................................................................................. 5

# TABLE OF AUTHORITIES

## CASES

Berger v. Cantor Fitzgerald Sec.,
  967 F. Supp. 91 (S.D.N.Y. 1997) .................................................................................3

Booker v. Robert Half, International,
  413 F.2d 77 (D.C. Cir. 2005) ....................................................................................3, 5

Emeronye v. CACI International, Inc.,
  141 F. Supp. 2d 82 (D.D.C. 2001) ............................................................................3, 5

Green Tree Finance Corp-Ala. v. Randolph,
  531 U.S. 79 (2000) .......................................................................................................5

Hughes v. CACI, Inc. - Commercial,
  384 F. Supp. 2d 89 (D.D.C. 2005) ............................................................................3, 5

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
  473 U.S. 614 (1985) .....................................................................................................5

Nelson v. Insignia/ESG, Inc.,
  215 F. Supp. 2d 143 (D.D.C. 2002) .............................................................................3

Nur v. K.F.C., USA, Inc.,
  142 F. Supp. 2d 48 (D.D.C. 2001) ...............................................................................3

Shearson/America Express, Inc. v. McMahon,
  482 U.S. 220 (1987) .....................................................................................................2

## STATUTES

Federal Arbitration Act 9 U.S.C. §2 .........................................................................................2

Federal Arbitration Act 9 U.S.C. § 4 ........................................................................................2

Federal Rule of Civil Procedure 12(b)(1) .................................................................................2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------X
KERRY OLIVER,                               )
                                            )
            Plaintiff,                      )
                                            )
                                            )    No. 1:05CV02485 (PLF)
     v.                                     )
                                            )
WHITE & CASE LLP,                           )
                                            )
            Defendant.                      )
-------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

Defendant White & Case LLP respectfully submits this memorandum of law in support of its motion to dismiss this action pursuant to Rule 12(b)(6) Fed. R. Civ. Pro.

### RELEVANT BACKGROUND

Plaintiff, a current employee of the defendant law firm, entered into a valid settlement agreement that resolved a Title VII charge of race discrimination that plaintiff had made against his employer. The settlement agreement bars this action, since the claims asserted in the Complaint are subject to plaintiff's valid and binding agreement to arbitration that is contained in the settlement agreement.

As alleged in the Complaint, plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2004. Complaint ¶¶ 7-8, attached as Exhibit A to defendant's Motion. Plaintiff's charge was resolved through the EEOC's mediation program and plaintiff and defendant accordingly executed a Mediation Settlement Agreement with the EEOC, which is attached as Exhibit B to the Motion. As part of the Mediation

Settlement Agreement, plaintiff executed a Confidential Settlement Agreement, a copy of which is annexed hereto as Exhibit C to the Motion.

In the Confidential Settlement Agreement and the Mediation Settlement Agreement, plaintiff agreed to arbitration of all future disputes regarding his employment, including any alleged breach of the settlement agreement; see Exhibit C, ¶9.

The agreement to arbitrate is valid and enforceable, and covers all of plaintiff's claims alleged in the Complaint. Accordingly, under the Federal Arbitration Act, plaintiff is required to arbitrate his claim, and this Court lacks subject matter jurisdiction of the action. Hence, dismissal is required under Fed. R. Civ. Pro. 12(b)(1) as well as 12(b)(6).

## ARGUMENT

### I.

### THE FEDERAL ARBITRATION ACT REQUIRES ARBITRATION OF PLAINTIFF'S C LAIMS

The Federal Arbitration Act (the "FAA") unequivocally requires that this Court enforce the parties' agreement to arbitrate.

The FAA provides that "[a] written provision in…a contract…to settle by arbitration a controversy thereafter arising out of such contract…shall be valid, irrevocable, and enforceable…" 9 U.S.C. §2. The FAA creates a strong presumption in favor of enforcing arbitration agreement. See, e.g., Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226-27 (1987) (arbitration agreements should be strictly enforced). In furtherance of this policy, the FAA expressly permits a party to petition any United States district court which would otherwise have jurisdiction "for an order directly that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

When a party moves to compel arbitration, the Court must determine the enforceability of the arbitration agreement and whether or not arbitration should be compelled. Nelson v. Insignia/ESG, Inc., 215 F. Supp. 2d 143, (D.D.C. 2002). In making such a determination, courts undertake a two-part inquiry: 1) whether the parties entered into a valid and enforceable arbitration agreement, and 2) whether the arbitration agreement covers the claims raised in the complaint. Nur v. K.F.C., USA, Inc., 142 F. Supp. 2d 48, 50-51 (D.D.C. 2001). In this case, both questions must be answered affirmatively.

### A. The Parties Entered into a Valid and Binding Agreement to Arbitrate

In determining whether an arbitration provision is valid, courts apply state law principles governing contract formation. Hughes v. CACI, Inc. - Commercial, 384 F. Supp. 2d 89, 96 (D.D.C. 2005). Paragraph 13 of the Confidential Settlement Agreement provides that it shall be governed by New York State law. (Exhibit C, ¶ 13).[1] Courts have held that under New York law as well as District of Columbia law, "a person who signs a contract is presumed to know its contents and to assent to them." Berger v. Cantor Fitzgerald Sec., 967 F. Supp. 91, 93 (S.D.N.Y. 1997) (A "signature on the contract indicates 'mutuality of assent' and a party is bound by the contract unless he or she can show special circumstances relieving him or her of such obligations"); accord, Emeronye v. CACI Int'l, Inc., 141 F. Supp. 2d 82, 86 (D.D.C. 2001).

In this jurisdiction, an agreement to arbitrate is valid provided that it: "'(1) provides for neutral arbitrators, (2) provides for minimal discovery, (3) requires a written award, (4) provides for all types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of 'access to the forum.'" Booker v. Robert Half, Int'l, 413 F.2d 77, 80 (D.C. Cir. 2005) (internal citations omitted). The agreement to arbitrate that the court upheld in Booker incorporated the

---

[1] Defendant, White & Case, is headquartered in New York.

3

American Arbitration Association rules and provided that arbitration be conducted under its auspices. The arbitration agreement in this case similarly provides for AAA arbitration, and it should similarly be enforced. Plaintiff's arbitration agreement here is part of an agreement that was arrived at with the assistance of the EEOC and to which that agency was a party. Plaintiff has affirmed the validity of the settlement agreement by bringing his complaint in this action which alleges that defendant breached the agreement. Hence, plaintiff is bound by the arbitration provision of his agreement.

### B.   The Arbitration Provision Covers All of Plaintiff's Claims

The parties unequivocally agreed to arbitrate any and all disputes relating to plaintiff's employment, including claims for breach of the settlement agreement and claims of discrimination and harassment. The arbitration provision reads, in relevant part, as follows:

> Any dispute regarding any aspect of Oliver's employment, and all disputes or controversies of any nature whatsoever, arising from or regarding the interpretation, performance, enforcement or breach of this Settlement Agreement, including any claims of discrimination, harassment, violations of statutory law. . .will be exclusively submitted to binding arbitration before a neutral arbitrator. . .

Exhibit C, ¶9(a).

Plaintiff's complaint is based on allegations that defendant breached the settlement agreement. While plaintiff makes other claims of retaliation and discrimination, these claims are likewise based on allegations concerning defendant's motives for allegedly breaching the settlement agreement. The arbitration provision expressly includes such retaliation and discrimination claims in any event, as well as plaintiff's common law claims, since it encompasses "any dispute regarding any aspect of Oliver's employment." Exhibit B, ¶ 9(a). Undeniably, all of plaintiff's claims arise from

4

and regard his employment. The law is clear that the "language 'arising out of or relating to' the underlying contract or agreement" is to be interpreted broadly. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 624 n. 13 (1985).

There is no doubt that claims under antidiscrimination statutes, including Title VII, are arbitrable. See, e.g., Hughes, 384 F. Supp. 2d 89 (D.D.C. 2005) (enforcing arbitration of a Title VII and Fair Labor Standards Act claim); Booker, 413 F.2d at 80 (upholding mandatory arbitration for a claim arising under the District of Columbia Human Rights Act); Emeryone, 141 F. Supp. 2d at 87 (enforcing arbitration of a Title VII claim). The United States Supreme Court has squarely held that claims under federal statutes are arbitrable. See, e.g., Green Tree Fin. Corp-Ala. v. Randolph, 531 U.S. 79, 89 (2000) ("In light of [the FAA's purpose], we have recognized that federal statutory claims can be appropriately resolved through arbitration, and we have enforced agreements to arbitrate that involve such claims.").

## CONCLUSION

For the foregoing reasons, plaintiff's complaint should be dismissed with prejudice, and defendant's motion to dismiss the action should be granted in its entirety.

Dated: New York, New York
      January 24, 2006

Respectfully submitted,

_____
Laura B. Hoguet (D.C. Bar No. 200915)
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, New York  10016
(212) 689-8808
*Attorneys for Defendant*