**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| KERRY OLIVER, ) | |
| ) | **Case No: 1:05CV02485** |
| ) | |
| Plaintiff, ) | **(ESH)** |
| ) | |
| V. ) | |
| ) | |
| WHITE & CASE, LLP, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now, Oliver Kerry, through Counsel, Andrellos Mitchell of the Law Office of Andrellos Mitchell, PLLC, and oppose the Defendant\'s Motion to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. Pro. on the grounds that to do so would be an abuse of discretion; in violation of public policy; contrary to traditional law in the District of Columbia that matters be heard on their merits and not summarily dismissed; and put the case in an inconvenient forum when all of the illegal actions occurred in the District of Columbia.  Furthermore, there are claims in Mr. Oliver's complaint that are outside the Settlement Agreement and not a part of the Agreement and are not bound by Arbitration Rules. Furthermore, the Agreement, which on its face is illegal, and contains contradictions that void the Agreement.

The reasons for the opposition are outlined in the Memorandum and Points of Authorities attached hereto.[1]

---

[1] This case was initially assigned to Judge Paul L.Friedman.  Judge Friedman was a former Associate and Partner at White & Case, and to his credit after being assigned this case he immediately recused himself.  Current Counsel for White & Case, Laura B. Hoguet, was an Associate and Partner at White & Case, LLP for 28 years before starting Hoguet Newman & Regal, LLP in New York. Now knowing the breadth of the defendant, Plaintiff, with all due respect to your Honor, request to know whether you're Honor has ever had any relationship whatsoever with White & Case or with any person or entity associated with White & Case.

Respectfully Submitted,

**/S/  Andrellos Mitchell**
_____
Andrellos C. Mitchell (#MD-22896)
Law Office of Andrellos Mitchell, PLLC
717 D Street, NW
Suite 300
Washington, D.C. 20004
Tel./Fax: 202-737-4999

**Counsel For Plaintiff, Kerry Oliver**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| KERRY OLIVER, | ) | |
| | ) | **Case No: 1:05CV02485** |
| | ) | |
| Plaintiff, | ) | **(ESH)** |
| | ) | |
| V. | ) | |
| | ) | |
| WHITE & CASE, LLP, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Kerry Oliver, respectfully submits this memorandum of law in support of its opposition to defendant's motion to dismiss this action pursuant to Rule 12(b)(6) Fed. R. Civ. Pro.

**ARGUMENT**

**RULE 12 (b) (6) INAPPROPRIATE TO DISMISS THIS COMPLAINT**

While there is nothing ambiguous about the relief Mr. Oliver seeks from this court, for the sake of argument, "Liberal rules of pleading normally protect a plaintiff against dismissal of an ambiguous complaint when it can be said to state a claim if all reasonable inferences are drawn in the plaintiff's favor." Bible Way Church of Our Lord Jesus Christ v. Beards, App. D.C., 680 A.2d 419 (1996) cert. denied, 520 U.S. 1155, 117 S. Ct. 1335, 137 L. Ed. 2d 494 (1997). District of Columbia law pertaining to pleadings manifest preference for resolution of disputes on the merits, not on technicalities of pleading. Keith v. Washington, App. D.C., 401 A.2d 468 (1979).

Defendants have not the met burden necessary for the Court to grant a 12(b) (6) Motion (Dismissal proper only when it appears beyond a doubt that Plaintiff can prove no facts that would support the claim. <u>Schiff v. American Ass'n of Retired Persons</u>, App. D.C., 697 A.2d 1193 (1997)); The complaint is legally sufficient on its face and the court will recognize this fact if the court draws all inferences in the Plaintiff's favor (<u>Duncan v. Children's National Medical Ctr.</u>, App. D.C. 702 A.2d 207 (1997), cert. Denied, 525 U.S. 912, 119 S. Ct. 257, 142 L. Ed. 2d 211 (1998)); The complaint must be construed favorably to the Plaintiff and its allegations taken as true. <u>McBryde v. Amoco Oil Co.</u>, App. D.C., 404 A.2d 200 (1979), <u>Cauman v. George Washington Univ.</u>, App. D.C., 630 A.2d 1104 (1993). . A complaint is sufficient so long as it fairly puts the defendant on notice of the claim against her; accordingly, liberal rules of pleading normally protect a plaintiff from dismissal at the pleading stage when the complaint can be said to state a claim if all references are drawn in the plaintiff's favor <u>Duncan v. Children's Nat'l Medical Ctr.</u>, App. D.C. 702 A.2d 207(1997), cert. denied, 525 U.S. 912, 119 S. Ct. 257, 142 L.Ed. 211 (1998). A complaint must be construed in the light most favorable to the plaintiff and its allegations must be taken as true for the purposes of a motion to dismiss pursuant to subdivision (b) (6) of this Rule. <u>Ford v. Sherman</u>, 121 WLR 2469 (Super. Ct. 1983); <u>Atkins v. Industrial Telecommunications Ass'n</u>, App. D.C., 660 A.2d 885 (1995). If the court follows District of Columbia law, then the complaint must be construed in the light most favorable to Mr. Oliver. The "complaint" puts the defendant on notice as to Mr. Oliver's claims, the relief he seeks from the court.    The Defendant's attempt to legitimize the Agreement signed by Mr. Oliver while under duress and suffering with emotional distress and not represented by

2

an employment lawyer is an attempt to short-circuit the judicial process. The court must make an independent review of this complaint and not be led around by a collar by the defendant which only seeks to hide its illegal actions and limit its liability.

A 12 (b)(6) Motion To Dismiss this matter is inappropriate. The Defendant has not shown any prejudice to warrant dismissal in this matter pursuant to 12(b)(6).

Plaintiff asks that the Defendant's legal delay tactics not persuade the court. At this juncture the Defendant has all the facts it needs to proceed with this matter. Dismissal under 12(b) (6) is proper only where it appears beyond a doubt that the Plaintiff can prove no facts that would support the claim. Schiff v. American Ass'n of Retired Persons, App. D.C., 697 A.2d 1193 (1997); Conley v. Gibson, 355 U.S. 41, 45-46, 2L.Ed. 2d 80, 78 S. Ct. 99 (1957). At this juncture, the Defendant cannot prove beyond a doubt that Mr. Oliver cannot prove any facts that would support his complaint, especially those claims such as 42 U.S.C.§ 1981 which are totally outside of the Arbitration Agreement. Under *Schiff* and supporting cases, the Defendant is not entitled to dismissal under 12 (b) (6) (Complaint should not be dismissed because plaintiff may fail.---McBryde v. Amoco Oil Co. App. D.C., 404 A.2d 200 (1979) )

Accordingly, Mr. Oliver respectfully requests that this Court deny, in its entirety, the Defendant's Motion To Dismiss pursuant to 12 (B) (6) and set a date and time for the parties to appear before this court to either pursue settlement negotiations or proceed with this matter as expeditiously as possible in this court.

3

**PURSUANT TO THE OFFICIAL POLICY STATEMENT OF THE UNITED STATESEQUAUL EMPLOYMENT OPPORTUNITY COMMISSSION (EEOC) DISMISSAL OF THIS CASE BASED ON AN ARBITRATION AGREEMENT <u>VIOLATE PUBLIC POLICY AND UNDERMINE CIVIL RIGHTS LAWS</u>**

Mr. Oliver has the right to have access to this court pursuant to state and federal law. His constitutional rights cannot be given up in a contract. To do so violates public policy. The courts are responsible for the development and interpretation of the law. The public nature of the judicial process enables the public, higher courts, and Congress to ensure that the discrimination laws are properly interpreted and applied. The Courts play a crucial role in preventing and deterring discrimination and inn making discrimination victims whole. The private right of action with its guarantee of individual access to he courts is essential to the statutory enforcement scheme. The Federal Civil Rights Laws are squarely based in this nation's history and constitutional framework and are of singular national Importance.

Federal Civil Rights Laws, including the laws prohibiting discrimination in employment play a unique role in American Jurisprudence. They flow directly from core Constitutional principles, and this nation's history testifies to their necessity and profound importance. Any analysis of the mandatory arbitration of rights guaranteed by employment discrimination laws, at the outset, must not be taken lightly. See <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 416 (1975) *(The Civil Rights Act of 1964 is a "complex legislative design directed at an historic evil of national proportions").* The courts play a crucial role in preventing and deterring discrimination and in making discrimination victims whole.
The Private right of action with its guarantee of individual access to the courts is essential to the statutory enforcement scheme, without it, the laws are worthless.

Mandatory Arbitration of employment discrimination disputes "privatizes" enforcement of the Federal Employment Discrimination Laws, thus undermining Public Enforcement Of the Laws. The imposition of mandatory arbitration agreements as a condition of employment substitutes a private dispute resolution system for the public justice system intended by Congress to govern the enforcement of the employment discrimination laws. *The private arbitration system differs in critical ways from the public judicial forum and, when imposed as a condition of employment, it is structurally biased against applicants and employees.*

This court should review the Dunlop Commission which strongly recommended that binding arbitration agreements not be enforceable as a condition of employment before making a decision to deny Mr. Oliver his day in court. (See Also, Briefs of the EEOC as Amicus Curiae in Seus v. John Nuveen & Co., No. 96-CV- 5971 (E.D. Pa.) (Br. Filed Jan. 11, 1997); Gibson v. Neighborhood Health Clinics, Inc., No. 96-2652 (7th Cir.) Br. Filed Sept. 23, 1996); Johnson v. Hubbard Broadcasting, Inc., No. 4-96-107 (D. Minn. (Br. Filed May 17, 1996); Great Western Mortgage Corp. v. Peacock, No. 96-5273 (3d Cir.) (Br. Filed July 24, 1996).);  The presumption of non-reviewability of a contract falls away if the complainant makes a showing on the face of the pleadings that the agreement was a gross violation of the United States Constitution.

This court should not encourage employer's such as White & Case to allow Arbitrators to be placed in the judicial process to determine the legal rights of employees, especially when the employee does not know the rights he is forbearing.

## **THE ARBITRATION CLAUSE WAS NOT VALID AND BINDING**

*To begin with, there is no Arbitration Agreement*.  There are two clauses within the *Confidential Settlement Agreement* referring to Mr. Oliver exercising his right to sue the defendant for violations of the law. On page 2 Number five (5) alleges a Covenant Not To Sue. It states in part, that Oliver hereby covenants and agrees not to sue … except, however, that nothing in this paragraph shall prevent Oliver from proceeding as herein provided with respect to the enforcement of this Agreement. Essentially asks Oliver not to sue them for anything except for terms that they may breach in the Agreement. Count two of the complaint does exactly that, it brings a claim for breach of terms of the Agreement ((1) Confirm Oliver's current salary in the range for what billing coordinators generally earn at White & case, LLP and (2) that the defendant would give Oliver a performance review based on the fact that he has since taken on the responsibilities of Billing Coordinator. (See page 2 clause 5).  If the Defendant has authorized Oliver to sue based on breaches in the Agreement, then how can it reasonably ask the court to dismiss this claim? The court must look at this agreement as it would any other civil contract. It must look at the plain language of the terms of the contract and if the court does so objectively it cannot dismiss this complaint based on a 12 (b) (6) Motion. The only place that Arbitration becomes an issue in this matter is on page 3, clause nine (9) of the Agreement.  After giving Oliver the right to sue under the Agreement for breaches of the Agreement, the defendant then says under clause 9 that Oliver can't sue and he must take any disputes before an Arbitrator.  Clause (9) is void or at least voidable for several reasons.  First, clause 5 comes first in time and gives Oliver the right to sue for breaches of the Agreement.

Second, when Oliver signed the Agreement he was suffering from emotional distress and had limited mental capacity to make decisions. Third and finally, clause 9 is an illegal adhesion clause that should not be enforced. Mr. Oliver made a mistake when he signed the Agreement because he did not intend to forbear future civil rights violations caused by the defendant. This jurisdiction follows the objective law of contracts, which generally means that "the written language embodying the terms of an agreement will govern the rights and liabilities of the parties, [regardless] of the intent of the parties at the time they entered into the contract, **unless the written language is not susceptible of a clear and definite undertaking, or unless there is fraud, duress, or mutual mistake**. Geiger v. Crestar Bank, 778 A.2d 1085, 1091 (D.C. 2001). Mr. Oliver did not intend to waive any future civil rights violations the defendant might commit against him. If the Defendant thought that was his intent it was mistaken. Also, to draft a contract with the intent to waive future civil rights violation is in violation of public policy and illegal. In either case both parties did not have a meeting of the minds on what the Arbitration clause meant and therefore the clause cannot be enforced. A "mistake" may include "an erroneous belief as to the contents or effect of a writing that expresses the agreement**" RESATEMENT (SCOND) OF CONTRACTS § 151** cmt. a (1981). Mr. Oliver understood the Agreement to cover disputes that were going on at the time the Settlement was signed. At the time the Agreement was signed as it relates to the arbitration clause, both parties were mistaken in their beliefs at he time the Agreement was signed. Arbitration Agreements are not valid and enforceable when grounds exist at law or in equity for revocation of any contract (See The United States Arbitration Act (now 9 U.S.C. § 2 n 5)).

## ALL OF PLAINTIFF'S CLAIMS ARE NOT COVERED IN THE SETTLEMENT AGREEMENT

The Defendant is disingenuous is disingenuous when it alleges that all of Mr. Oliver's claims are covered by the Settlement Agreement. Mr. Oliver has claims that do not arise out of either of his EEOC complaints or the Settlement Agreement. Mr. Oliver **_42 USC § 1981_** claim has a three year statute of limitations and covers the three years prior to the Settlement Agreement. The Settlement Agreement does not cover this civil rights violation and it cannot be forced into the Agreement after it has been signed because the violations occurred before the Agreement was signed.

Mr. Oliver's **_Conspiracy under 42 U.S.C. § 1985(1) claims_** does not arise from the Agreement either. His conspiracy claims are based on actions that occurred before he filed his EEOC complaint and before he filed his Settlement Agreement.

The Defendant is attempting to make the Settlement Agreement that covers the past present and future. However, a reading of the Agreement does not demonstrate that it is a living breathing and expanding document that can move backwards and forwards to protect the Defendant from violating civil rights laws. The court must look at the contract objectively. If the court does so it is undeniable that the Settlement Agreement is not an Arbitration Agreement and the Agreement does not take affect before it was signed.

## THE PROPER VENUE FOR THIS MATTER IS THE
## DISTRCIT OF COLUMBIA

Mr. Oliver's civil rights were violated in the District of Columbia and it is here that the cause of action arose. It is here that the Settlement Agreement was constructed and must be interpreted under the laws of the District of Columbia. It is here in the District of Columbia that this court needs to hear this matter as soon as possible so that Mr. Oliver may plead his case to this court and prove that the Defendant has violated his civil rights and that he is due just compensation.

## THIS COURT HAS PROPER JURISDICTION

The Defendant casually alleges in its motion that this court lacks jurisdiction even though it invokes the Federal Arbitration Act. Federal Courts of this type have jurisdiction of federal acts of this type without question. A court considering a motion to dismiss for lack of jurisdiction must construe plaintiff's complaint in plaintiff's favor, accepting all inferences that that can be derived from the facts alleged. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80 (1957). "To that end, the complaint is construed liberally in plaintiff's favor, and…plaintiff [] [receives] the benefit of all inferences that can be derived from the facts alleged" n Kowal v. MCI Commc'ns Corp., 16 F.3d 1271 1276 (D.C. Cir. 1994).  This court's authority is second only to the United States Supreme Court. The FAA is a federal statute that and this is a federal court than can interpret the application and intent of the statute based on the powers given to it under the constitution. The Defendant gives no evidence or support to its lack of jurisdiction argument as it alludes to this court's lack of jurisdiction. This is an Article III court with the authority to hear civil rights cases.

The *validity of the Arbitration clause has not been proven*, it would be an abuse of discretion to casually dismiss Plaintiff's case simply because an arbitration clause is one of the issues is a Title VII lawsuit including allegations of 42 U.S.C. §1981 that fall outside of the arbitration clause. On appeal the Court of Appeals would certainly find that all matters had not been decided and were final. **"Jurisdiction is, of necessity, the first issue for an Article III court." DSMC Inc. v. Convera Corp., 358 U.S. App. D.C. 356, 349 F.3d 679, 682 (D.C. Cir. 2003) (quoting Tuck v. Pan Am. Health Org., 215 U.S. App. D.C. 201, 668 F.2d 547, 549 (D.C. Cir. 1981)). "The jurisdiction of the courts of appeals to review district court actions is limited to 'final orders,'" Pueblo of Sandia v. Babbitt, 343 U.S. App. D.C. 422, 231 F.3d 878, 880 (D.C. Cir. 2000) (citing 28 U.S.C. § 1291) ("The courts of appeals…shall have jurisdiction of appeals from all final decisions of the district courts of the United States….") A "final" decision under 28 U.S.C. §1291 is generally one "that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Id. (quoting Digital Equip. Corp v. Desktop Direct, Inc., 511 U.S. 863, 867, 128 L. Ed. 2d 842, 114 S. Ct. 1992 (1994) (quoting Catlin v. United States, 324 U.S. 229, 233 89 L. Ed. 911, 65 S. Ct. 631 (1945))).  n1**

      The Federal Arbitration Act itself gives this court jurisdiction to hear initial arbitration disputes. (See FAA Chapter 1 General Provisions Section 4) Surely this court has subject matter jurisdiction to hear this case. Defendant's Motion is nothing more than a dilatory tactic and a waste of the courts time. The Defendant filed a copy of Plaintiff's complaint, a copy of the Settlement Agreement (which by now if reviewed by the court is obviously void if not voidable) and certain portions of it; if not the entire agreement certainly cannot sustain judicial scrutiny. This matter need be dealt with like any other Title VII case in which this court has jurisdiction.

**10**

## **CONCLUSION**

For the foregoing reasons, defendant's motion should be dismissed in whole with prejudice and Mr. Oliver should be allowed to move forward to have his day in court.

        Respectfully Submitted,

/s/ Andrelllos C. Mitchell
     Andrellos C. Mitchell (#MD-22896)
     Law Office of Andrellos Mitchell, PLLC
     717 D Street, NW
     Suite 300
     Washington, D.C. 20004
     Tel./Fax: 202-737-4999
     acmclient@verizon.net

**Counsel For Plaintiff, Kerry Oliver**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 31st day of January, 2006, a copy of Plaintiff's Opposition to Defendant's Motion To Dismiss was electronically filed with the court and that on January 31, 2006 delivered by regular U.S. mail, postage prepaid to:

>Laura B. Hoguet (D.C. Bar No. 200915)
>Hoguet Newman & Regal, LLP
>10 East 40th Street
>New York, New York 10016


/s/ Andrellos C. Mitchell_____
    Law Office of Andrellos Mitchell, PLLC
    717 D Street, NW
    Suite 300
    Washington, DC 20004
    Tel/fax: 202-737-4999
    acmclient@verizon.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| KERRY OLIVER, | ) | |
| | ) | **Case No: 1:05CV02485** |
| | ) | |
| Plaintiff, | ) | **(ESH)** |
| | ) | |
| V. | ) | |
| | ) | |
| WHITE & CASE, LLP, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROPOSED ORDER**

Upon consideration of the Plaintiff's Opposition To Defendant's Motion To Dismiss, and all opposition and responses thereto, Defendant's Motion to Dismiss this Proceeding is hereby **DENIED.**

It is further **ORDERED** that_____

_____

_____

**Honorable Ellen S. Huvelle**


Copies:
Laura B. Hoguet
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, New York 10016

Andrellos C. Mitchell                             Kerry Oliver
Law Office of Andrellos Mitchell, PLLC            1422 Kings Manor Drive
717 D Street, NW, Suite 300                       Mitchellville, Maryland 20721
Washington, DC 20004