IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------X
KERRY OLIVER,                               )
                                            )
            Plaintiff,                      )
                                            )
                                            )       No. 1:05CV02485 (PLF)
      v.                                    )
                                            )
WHITE & CASE LLP,                           )
                                            )
            Defendant.                      )
-------------------------------------------X
```

## DEFENDANT'S REPLY MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

Defendant White & Case LLP respectfully submits this reply memorandum in further support of its motion to dismiss this action.

Plaintiff Oliver, who is an employee in the Accounting Department of White & Case, filed an EEOC charge that was resolved through the EEOC's mediation program in 2004. As part of the mediation settlement, Plaintiff, who was represented by counsel, entered into an agreement that, going forward, he would arbitrate "any dispute regarding [his] employment." Def. Mot. To Dismiss, Ex. C. Accordingly, this Court is not the proper forum for adjudication of the claims he now wishes to assert against Defendant.

I.

### AS PLAINTIFF'S CLAIMS ARE BARRED BY HIS ARBITRATION AGREEMENT, WHETHER HIS CLAIMS ARE OTHERWISE SUFFICIENT IS NOT IN ISSUE ON THIS MOTION

Plaintiff's arguments that his pleading is legally sufficient and that inferences are to be drawn in his favor, see Pltf. Opp. Mem. 1-3, are irrelevant because the ground of

Defendant's motion is that Plaintiff agreed to arbitrate his claims rather than bring them in court.

## II.

### DISMISSAL OF THE COMPLAINT FOR FAILURE TO COMPLY WITH AN ARBITRATION AGREEMENT IS PROPER AND WARRANTED

Dismissal pursuant to Rule 12(b)(1) and 12(b)(6) Fed R. Civ. Pro. based on Plaintiff's failure to comply with an agreement to arbitrate is proper and warranted here. See, e.g., Hughes v. CACI, Inc. – Commercial, 384 F. Supp. 2d 89 (D.D.C. 2005) (granting defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and compelling arbitration).

Citing *amicus curiae* briefs of the EEOC and the Dunlop Commission, see Pl. Opp. Mem. 4-5, Plaintiff argues that dismissal of his complaint based on an arbitration agreement violates public policy. Controlling precedent in this Circuit, however, upholds agreements to arbitrate claims of employment discrimination: See cases cited in Def. Mem. at 5. The only case authority cited by Plaintiff on this issue, Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975) cited at Pltf. Opp. Mem. at 4, concerned the propriety of awarding back pay in employment discrimination cases and had nothing whatsoever to do with the arbitrability of the underlying claims.

If the Constitutional right to which Plaintiff is referring in his proclamation that "[h]is constitutional rights cannot be given up in a contract," Pltf. Opp. Mem. at 4, is his right to access to the courts, then that right clearly can be waived, as Plaintiff waived it here, by entering into an arbitration agreement. Def. Mem. at 3-5. Plaintiff had a statutory right to bring an EEOC charge, but there is no authority to support his contention that his agreement to arbitrate an employment dispute is unenforceable.

2

Maintaining the right to proceed before the EEOC while also being obligated to arbitrate discrimination claims is not inconsistent. See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) (an individual "claimant subject to an arbitration agreement will still be free to file a charge with the EEOC, even though the claimant is not able to institute a private judicial action"); Hughes, 384 F. Supp. 2d at 98 (enforcing the arbitration agreement following submission of the same claim to the EEOC).

### III.

### THE AGREEMENT TO ARBITRATE IS VALID AND BINDING AND COVERS ALL OF PLAINTIFF'S CLAIMS

None of Plaintiff's assertions can undo the arbitration agreement's unequivocal language, which states that "any dispute regarding any aspect of [Plaintiff's] employment . . . will be exclusively submitted to binding arbitration . . ." Def. Mot. To Dismiss, Ex. C, ¶9. Defendant's motion is based entirely on this language (which is found at paragraph 9 of the settlement agreement, Ex. C).

A. **Plaintiff Has Not – And Cannot – Demonstrate Any Reason Why He Is Not Bound By the Agreement to Arbitrate**

Notwithstanding the unsupported assertion in his attorney's memorandum of law that when he entered into the arbitration agreement Plaintiff had "limited mental capacity to make decisions" and "made a mistake", Pltf. Opp. Mem. at 7, Plaintiff has not shown the court any legal or factual reason why he is not bound by the settlement he entered into in the EEOC mediation. Plaintiff fails to cite any authority whatever to support the proposition that he is not so bound and the law is to the contrary. See cases cited at Def. Mem. at 3. Fraud, duress or mutual mistake are not alleged here even by implication. Unilateral mistake, which Plaintiff's papers imply, is not a basis for the relief sought and,

in any event, is not shown by facts that would warrant relief of any kind. It appears on the face of the settlement agreement that plaintiff was represented by counsel at the time he executed the settlement agreement and he represented in that document that he had been given an opportunity to review the settlement agreement with his attorney, and had signed the agreement "voluntarily and knowingly." Def. Mot. To Dismiss, Ex. C, ¶10. Not to give effect to these words would undermine the validity of the many agreements that are negotiated under the auspices of the EEOC every day, and by the same token would undermine the efficacy of the EEOC's mediation program.

### B. All of Plaintiff's Claims, Including Those Under 42 U.S.C. Sections 1981 and 1985(1), Are Covered By the Settlement Agreement

All of Plaintiff's claims regard his employment with Defendant and therefore all are covered by the agreement to arbitrate. The agreement to arbitrate could not be clearer. It provides, in relevant part, as follows:

> Any dispute regarding any aspect of Oliver's employment, and all disputes or controversies of any nature whatsoever, arising from or regarding the interpretation, performance, enforcement or breach of this Settlement Agreement, including any claims of discrimination, harassment, violations of statutory law... will be exclusively submitted to binding arbitration before a neutral arbitrator...

Id., ¶9(a).

Unequivocally, all of Plaintiff's claims, including those under 42 U.S.C. Sections 1981 and 1985(1), "regard" his employment. His claims alleging violations of 42 U.S.C. sections 1981 and 1985(1), are similarly "violations of statutory law," and as such, are encompassed by the agreement to arbitrate. Plaintiff's assertions that these claims are not covered by the arbitration agreement because they arose prior to the settlement agreement completely miss

4

the mark. The very purpose of entering into a settlement agreement, as here, is to resolve all then-existing claims. And that is precisely what Plaintiff did. Schedule A to the settlement agreement entitled "General Release," which was executed by Plaintiff, specifically stated, in relevant part:

> I, Kerry Oliver . . . hereby fully release and discharge White & Case LLP . . . from any and all manner of action, claim, demand, damages, cause of action, debt, sum of money, contract, covenant, controversy, agreement, promise, judgment and demand whatsoever, in law or equity, known or unknown, existing or claimed to exist . . . arising from the beginning of time through the execution of this release . . . [1]

See Affirmation of Randi Seltzer May, dated February 6, 2006, Ex. 1.[2]

### IV.

### THIS COURT HAS JURISDICTION TO DETERMINE ARBITRABILITY

To the extent that Plaintiff argues that this Court has initial jurisdiction to determine whether or not the claims are arbitrable, Pl. Opp. Mem., at 9-10, Defendant agrees. It is well settled that courts have jurisdiction to decide whether or not the parties have entered into a valid and binding agreement to arbitrate and whether or not the claims alleged in a complaint are covered. 9 U.S.C. § 4.

---

[1] In furtherance of this Release, the settlement agreement contained a covenant not sue. Ex. C, ¶ 5. If Plaintiff argues that the arbitration agreement is voidable because the covenant not to sue is inconsistent with arbitration, (Pltf. Opp. Mem. at 6), Plaintiff's arguments, again, miss the mark. Plaintiff released Defendant from, and agreed not to sue Defendant for his then-existing claims. The parties also agreed that if Plaintiff had a claim for breach of the settlement agreement that he could assert it, but in an arbitration proceeding. Id., ¶¶ 5, 9. If paragraphs 5 and 9 are read in a way to make them consistent and put the agreement in harmony, courts must do so. America First Inv. Corp. v. Goland, 925 F.2d 1518 (D.C. Cir. 1991).

[2] Schedule A is attached as Exhibit 1 to the Affirmation of Randi Seltzer May, dated February 6, 2006. Schedule A to the Settlement Agreement was not included with Exhibit C which was attached to Defendant's Motion to Dismiss.

5

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's complaint, with prejudice, in its entirety.

Dated: New York, New York
      February 6, 2006

                                  Respectfully submitted,

                                  /s/ Laura B. Hoguet
                                _____
                                Laura B. Hoguet (D.C. Bar No. 200915)
                                Hoguet Newman & Regal, LLP
                                10 East 40th Street
                                New York, New York 10016
                                (212) 689-8808
                                *Attorneys for Defendant*